**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MICHAEL HEAVEY,

                Plaintiff,                Case No. 2:25-cv-13900

v.                                  Hon. Brandy R. McMillion
                                  United States District Judge

ENERIC PETROLEUM CORPORATION,

                Defendant.

_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT (ECF NO. 8)

Plaintiff Michael Heavey ("Plaintiff" or "Heavey") brought claims against Defendant Eneric Petroleum Corporation ("Defendant" or "Eneric") through filing his Complaint on December 4, 2025. *See generally* ECF No. 1. After the Complaint remined unanswered for over one month, Heavey filed a request for the clerk's entry of default (ECF No. 4), which the clerk entered on January 16, 2026 (ECF No. 5). Shortly thereafter, on February 13, 2026, Eneric filed the present request—a Motion to Set Aside Default. *See* ECF No. 8. The parties have fully and adequately briefed the Motion so a hearing is unnecessary. *See* ECF Nos. 8, 10, 11; E.D. Mich. LR 7.1(f)(2). For the reasons explained below, the Court **GRANTS** Defendant's Motion to Set Aside Default (ECF No. 8).

1

## I.

This case arises from an employment agreement between Plaintiff and Defendant, and the commissions required thereunder. *See generally* ECF No. 1. The crux of the existing dispute is whether there is a valid and enforceable arbitration agreement between the parties. *See* ECF No. 9 (Defendant's Motion to Dismiss or in the Alternative Compel Arbitration). Heavey filed his Complaint on December 4, 2025, and Summons were issued on that same date. *See* ECF Nos. 1, 2. Defendant's Answer was due by January 9, 2026. *See* ECF No. 3. When Defendant failed to file a responsive pleading, Plaintiff requested a clerk's entry of default on January 15, 2026. *See* ECF No. 4. The Clerk entered default on January 16, 2026. *See* ECF No. 5. Approximately one month later, Eneric filed this Motion, requesting that the Court set aside the entry of default. *See generally* ECF No. 8.

## II.

Pursuant to the Federal Rules of Civil Procedure, "[t]he court may set aside an entry of default for good cause[.]" Fed. R. Civ. P. Rule 55(c). To do so, the Court will invoke the well-established factors from *United Coin Meter Co. v. Seaboard Coastline Railroad*, which assess "whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense [i]s meritorious." *United Coin Meter Co. v. Seaboard Coastline Railroad*, 705 F.2d 839, 844 (6th Cir. 1983). "Although '[a]ll three factors must be considered in ruling on a motion to set aside

2

an entry of default,' when a defendant has a meritorious defense and the plaintiff would not be prejudiced, 'it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead.'" *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318 (6th Cir. 2010) (quoting *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986)).

## III.

In deciding the instant Motion, the Court will analyze each of the *United Coin Meter* factors, as set forth below.

### A. Would Setting Aside the Default Prejudice Heavey?

As Heavey correctly notes, mere delay, increased litigation expense, or default-related costs are not sufficient to fulfill the prejudice factor. ECF No. 10, PageID.152-153; *see Dassault Systemes, SA v. Childress*, 663 F.3d 832, 842 (6th Cir. 2011). Rather, "the relevant inquiry concerns the future prejudice that will result from reopening the judgment, not prejudice that has already resulted from the defendant's conduct." *Id.*

Plaintiff asserts that he will be prejudiced by a setting aside the default because Defendant would gain "unilateral control over the litigation posture during the response period and [be] permitted […] to refine and reposit[e] its defenses, most notably its arbitration theory, without adversarial scrutiny." ECF No. 10,

3

PageID.153.  The Court first notes the absence of any factual or legal support for Plaintiff's position.  In fact, there is an outstanding motion to dismiss in this case, *see* ECF No. 9, that Defendant filed, which Plaintiff has already opposed, *see* ECF No. 12.  The Court is thus unclear how granting this Motion would disproportionately advantage Eneric in this action.  Alternatively, the Court finds that Plaintiff's claimed *future* prejudice is, in substance, merely a *past* prejudice—which the case law deems insufficient.  *Dassault Systemes*, 663 F.3d at 843.  Plaintiff would therefore not be prejudiced if the Court were to set aside default.

**B.    Does Eneric have a Meritorious Defense?**

Next, the Court determines whether Defendant has any defense that is "good at law."  *Dassault Systemes*, 663 F.3d at 843.  And here, the Court finds that it does.

"[E]ven conclusory assertions may be sufficient to establish the 'hint of a suggestion' needed to present a meritorious defense."  *Id.* (quoting *Burrell v. Henderson*, 434 F.3d 826, 834 (6th Cir. 2006)).  Here, Defendant meets this threshold—and none of Plaintiff's arguments demonstrate otherwise.  Foremost among Defendant's meritorious defenses is that Plaintiff's entire Complaint should be dismissed because there is a valid arbitration agreement between the parties.  ECF No. 8, PageID.41-44.  Where setting aside a default judgment is concerned, this defense is more than enough.  *See e.g., U.S. Currency*, 595 F.3d at 327 (upholding the District Court's finding of a meritorious defense despite defendant's showing of

4

the defense in a same-day filed answer to the complaint rather than a proper assertion in the motion to set aside default); *PAPA JOHN'S INTERNATIONAL, INC., v. JIANDONG (PETER) XU*, No. 3:25-CV-00270-CHB-CHL, 2025 WL 4065470, at *1 (W.D. Ky. Dec. 22, 2025) (finding that all the factors for setting aside default weighed in defendant's favor, including the meritorious defense of a mandatory arbitration provision in the relevant contracts); *Dassault Systemes*, 663 F.3d at 843 (reiterating that a party's success on the merits of its asserted defenses "does not foreclose a determination that at least one of his asserted defenses may meet the relatively lenient […] standard."). Therefore, this factor also weighs in Defendant's favor.

## C.   Has Eneric Engaged in Willful or Culpable Conduct?

Last, Plaintiff asserts, without any case law support, that "[w]hen a corporation retains a professional registered agent and still fails to respond to federal litigation, the breakdown lies within the corporation itself." ECF No. 10, PageID.150. He goes on to imply that fatal to this Motion is Defendant's failure to include a "sworn affidavit explaining what occurred after service was received." *Id.* But Plaintiff's position is inconsistent with controlling authority. *See e.g., Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433 (6th Cir.1996) (quoting *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391 (6th Cir. 1987)) (upholding that a finding of culpability requires "display [of] either an intent to thwart judicial

proceedings or a reckless disregard for the effect of its conduct on judicial proceedings."). Further, the Court is satisfied with Defendant's explanation that its conduct leading to the entry of default was, at most, negligent. ECF No. 8, PageID.44-45. And, as Eneric correctly notes, under Rule 55(c), "mere negligence or failure to act reasonably is not enough to sustain a default." *Id.* at PageID.44 (citing *U.S. Currency*, 595 F.3d at 327). Thus, the Court finds that the final factor in considering whether to set aside this default supports Defendant, and relief from the default entry is proper.

**IV.**

For the reasons stated above, Defendant's Motion to Set Aside Default (ECF No. 8) is **GRANTED**.

**IT IS SO ORDERED.**

Dated: April 29, 2026                          /s/ Brandy R. McMillion
      Detroit, Michigan                    Hon. Brandy R. McMillion
                                United States District Judge